```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| KASHIFE H. WYCKOFF,<br><br>      Plaintiff,<br>v.<br><br>CAMDEN COUNTY CORRECTIONAL FACILITY; FORMER WARDEN ERIC TAYLOR; FORMER DEPUTY WARDEN FRANK LOBERTO; CAMDEN COUNTY CLERK JOSEPH RIPA; WARDEN DAVID OWENS; and WARDEN KATE TAYLOR,<br><br>      Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 17-cv-3537(JBS-AMD)<br><br>**OPINION** |

APPEARANCES:

Kashife H. Wyckoff, Plaintiff Pro Se
5468 West Berks Street
Philadelphia, PA 19131

**SIMANDLE, District Judge:**

I.  **INTRODUCTION**

    Plaintiff Kashife H. Wyckoff seeks to bring a civil rights complaint pursuant to the 42 U.S.C. § 1983 against Camden County Correctional Facility ("CCCF"), Former Warden Eric Taylor, Former Deputy Warden Frank Loberto, Camden County Clerk Joseph Ripa, Warden David Owens, and Warden Kate Taylor, for allegedly unconstitutional conditions of confinement in CCCF. Complaint, Docket Entry 1. At this time, the Court must review the complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which

relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the complaint will proceed in part.

**II. BACKGROUND**

The following factual allegations are taken from the complaint and are accepted for purposes of this screening only. The Court has made no findings as to the truth of Plaintiff's allegations.

Plaintiff alleges he endured unconstitutional conditions of confinement in CCCF during three separate periods of detentions. Plaintiff alleges he was detained in the CCCF in 2005 and 2006 and had to be treated for scabies. Complaint ¶ 6. He further alleges that he was detained in 2009 and 2010 during which he was housed in a two person cell with three other inmates, sleeping on the cement floor. *Id.* He further alleges that while sleeping on the floor during this detention, he "experienced a tearing sensation and nearly unbearable pain." *Id.* He further alleges he suffered a slipped disc in his back and has to wear a hernia retention belt due to this injury. *Id.*

Plaintiff further alleges he again was detained starting in October 2016 and is presently confined. During this detention he alleges he "began to experience an acute loss of vision bilaterally in my eyes." *Id.* He further states he was treated by

2

the jails sick call who believed his change of vision, loss of vision and serious migraines were related to some environmental factor in the jail. *Id.*

Plaintiff seeks for the Court to "rectify this situation as soon as possible and to resolve peacefully monetary values concerning my life and health." Complaint ¶ 7.

### III. STANDARD OF REVIEW

**A. Standards for a Sua Sponte Dismissal**

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915, 1915A and 42 U.S.C. § 1997e because Plaintiff is a prisoner proceeding in forma pauperis and is seeking redress from government officials about the conditions of his confinement.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while pro se pleadings are liberally construed, they "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

**B. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of

the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

28 U.S.C. § 1983. Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**IV. DISCUSSION**

Plaintiff alleges he experienced unconstitutional conditions of confinement during three separate detentions at CCCF.

For the reasons set forth below, the Court will: (a) dismiss the Complaint with prejudice for failure to state a claim as to contentions of allegedly unconstitutional conditions of confinement, 28 U.S.C. § 1915(e)(2)(b)(ii) regarding plaintiff's detentions occurring from 2005 to 2006 and 2009 to 2010; and (b) allow the Complaint to proceed as to the allegedly unconstitutional conditions of confinement claims against former

5

Warden Eric Taylor, former Deputy Warden Frank Loberto, Warden David Owens and Warden Kate Taylor.

### A. Conditions of Pretrial Confinement- 2005-2006 Detention and 2009-2010 Detention

Plaintiff's complaint alleges that he experienced unconstitutional conditions of confinement while he was detained in the CCCF from 2005 to 2006 as well as from 2009 to 2010. These claims must be dismissed with prejudice.

Civil rights claims under § 1983 are governed by New Jersey's limitations period for personal injury and must be brought within two years of the claim's accrual. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues 'when the plaintiff knew or should have known of the injury upon which the action is based.'" *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014) (quoting *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009)).

The allegedly unconstitutional conditions of confinement at CCCF, namely the alleged overcrowding and unsanitary conditions, would have been immediately apparent to Plaintiff at the time of his detention; therefore, the statute of limitations for Plaintiff's claims expired in 2012 at the latest, well before this complaint was filed in 2017. Plaintiff has filed his lawsuit too late with respect to those two detentions. Although

6

the Court may toll, or extend, the statute of limitations in the interests of justice, certain circumstances must be present before it can do so. Tolling is not warranted in this case because the state has not "actively misled" Plaintiff as to the existence of his cause of action, there are no extraordinary circumstances that prevented Plaintiff from filing his claim, and there is nothing to indicate Plaintiff filed his claim on time but in the wrong forum. *See Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014).

As it is clear from the face of the complaint that more than two years have passed since Plaintiff's claims accrued, the complaint is dismissed with prejudice regarding the claims for detentions that occurred in 2005 to 2006 and 2009 to 2010. *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 112 (3d Cir. 2013) (per curiam) (affirming dismissal with prejudice due to expiration of statute of limitations).

**B. Conditions of Pretrial Confinement- 2016 to present**

Plaintiff alleges he experienced unconstitutional conditions of confinement at CCCF upon being detained at the facility starting in October 2016. With respect to this claim, Plaintiff has alleged that he has experienced loss of vision and serious migraines due to an environmental factor in the facility. This claim will be proceed in part.

7

This claim must be dismissed with prejudice in regards to CCCF because it is not a "state actor" within the meaning of § 1983. *See Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)); *Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983). Further, this claim also must be dismissed without prejudice as to Camden County Clerk Joseph Ripa as Plaintiff has not pled any facts to impose liability on Joseph Ripa.

Construing the complaint liberally and giving Plaintiff the benefit of all reasonable inferences, he has sufficiently stated a claim for unconstitutional conditions of confinement against CCCF former Warden Eric Taylor, former Deputy Warden Frank Loberto, Warden David Owens and Warden Kate Taylor. Specifically, he alleges that an environmental factor in the jail has caused him to suffer injury including loss of vision and serious migraines upon his admittance to the facility in October 2016 to present. He has requested the Court to "recitfy this situation as soon as possible." Complaint ¶ 7. Considering the totality of the circumstances alleged by Plaintiff, the Court finds that he has sufficiently pled that he experienced unconstitutionally punitive conditions at CCCF. The claim shall

therefore be permitted to proceed against the wardens in their individual capacities.

**V.　CONCLUSION**

For the reasons stated above, the complaint is dismissed in part as discussed above. The complaint shall proceed on the conditions of confinement claim from Plaintiff's 2016 confinement against CCCF former Warden Eric Taylor, former Deputy Warden Frank Loberto, Warden David Owens and Warden Kate Taylor. The remainder of the claims are dismissed without prejudice.

An appropriate order follows.

| | |
|---|---|
| **September 6, 2017** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | U.S. District Judge |